**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ANTHONY JACKSON, M.D., | No. 08-56758 |
| Plaintiff - Appellant, | D.C. No. 2:07-cv-02188-SVW-RZ |
| v. | |
| THE MEDICAL BOARD OF CALIFORNIA, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Central District of California
Stephen V. Wilson, District Judge, Presiding

Argued and Submitted December 13, 2010
Pasadena, California

Before: B. FLETCHER, PREGERSON, and GRABER, Circuit Judges.

Dr. Anthony Jackson appeals the district court's order granting summary

judgment in favor of the Medical Board of California on his claim arising under the

Americans with Disabilities Act ("ADA"). We have jurisdiction under 28 U.S.C. §

1291. We agree with the district court that on the current record summary

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

judgment was proper as to the ADA claim, but remand to the district court with instructions to allow Jackson to amend his complaint.

There is no genuine issue of material fact with respect to whether the Board regarded Jackson as having a disability. The doctor's note on which the Board's perception of Jackson was based described only a temporary impairment as to one profession, not a permanent impairment as to a wide range of jobs. *See Sanders v. Arneson Prods., Inc.*, 91 F.3d 1351, 1354 (9th Cir. 1996). Similarly, Jackson failed to make a showing sufficient to establish a dispute of fact as to whether the reference to an "indefinite" period of interim suspension indicated that the Board regarded Jackson as indefinitely disabled. *See Galen v. County of Los Angeles*, 477 F.3d 652, 658 (9th Cir. 2007). There is no evidence that the Board regarded Jackson as being substantially impaired in the major life activity of working, and thus no evidence that it regarded him as disabled under the ADA. *See Thompson v. Holy Family Hosp.*, 121 F.3d 537, 541 (9th Cir. 1997) (per curiam).

` Jackson requests leave to amend his complaint. We ordinarily refuse to allow plaintiffs to raise new theories on appeal, but make allowances for plaintiffs proceeding pro se. *Vincent v. Trend W. Technical Corp.*, 828 F.2d 563, 570 (9th Cir. 1987). During the period that Jackson appeared pro se before the district court, he sought leave to amend his complaint. Dist. Ct. Doc. 53. The district

2

court did not rule on Jackson's pro se motion, and Jackson's counsel before the district court has since been disbarred. Jackson's new counsel should be permitted to file an amended complaint. Consequently, we remand with instructions to the district court to permit Jackson to amend his complaint.

REMANDED for further proceedings consistent with this disposition.

Jackson v. Medical Board of California, No. 08-56758

GRABER, Circuit Judge, concurring in part and dissenting in part:

I concur in part and respectfully dissent in part.

I agree that the district court properly granted summary judgment.

The majority goes further and remands with instructions to allow a second amended complaint to be filed in this case that has been going on since 2007. Here I part company with the majority.

In Vincent v. Trend Western Technical Corp., 828 F.2d 563, 570–71 (9th Cir. 1987), cited by the majority, we refused to allow a plaintiff to file a second amended complaint after appeal when the complaint had been dismissed on the pleadings. We noted that a pro se plaintiff could not be expected to craft pleadings that meet the same standard as pleadings crafted by a lawyer, but we held that a plaintiff who was represented by a lawyer does not qualify for this narrow exception. Id. at 570. Plaintiff was represented by a lawyer at the time the district court ruled on summary judgment, which is the only issue before us on appeal.

Even if we assume that Plaintiff was unrepresented, because his lawyer later was disbarred, the issue here is not the legal drafting of a pleading. Rather, the issue is the state of the evidence. As we said in Vincent, the exception generally does not apply when the movant presents no new facts. Id. at 570–71. Plaintiff presents no new facts, identifies no erroneous ruling by the district court, and

offers no proposed pleading containing any new theory to support a belated request to amend the complaint—merely a vague request to try again.  In the circumstances, I would simply affirm.